UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| EDWIN BINFORD )<br>)<br>     Plaintiff )<br>)<br>v. )<br>)<br>GARREN FITNESS LLC )<br>)<br>     <u>Serve via Kentucky Secretary of State</u> )<br>     CORPORATE CREATIONS NETWORK INC. )<br>     3411 SILVERSIDE ROAD TATNALL BUILDING )<br>     STE 104 )<br>     WILMINGTON, DE 19810 )<br>)<br>-and- )<br>)<br>AMAZON.COM SERVICES, LLC )<br>410 TERRY AVENUE NORTH )<br>SEATTLE, WA 98109 )<br>)<br>     <u>Serve via Registered Agent</u> )<br>     CORPORATION SERVICE COMPANY )<br>     421 WEST MAIN STREET )<br>     FRANKFORT, KY 40601 )<br>)<br>-and- )<br>)<br>AMAZON.COM, INC. )<br>410 TERRY AVENUE NORTH )<br>SEATTLE, WA 98109 )<br>)<br>     <u>Serve via Kentucky Secretary of State</u> )<br>     CORPORATION SERVICE COMPANY )<br>     251 LITTLE FALLS DRIVE )<br>     WILMINGTON, DE 19808 )<br>)<br>     Defendants ) | Case No.:  3:21-CV-176-RGJ |

1

# COMPLAINT

\* \* \* \* \*

Plaintiff, Edwin Binford, by counsel, and for his Complaint against the above-named Defendants, states as follows:

1. This action arises out of Edwin Binford's personal injuries, which were directly and proximately caused by a Maximiza Pull Up Bar purchased from and sold by Garren Fitness LLC, Amazon.com Services, LLC, and Amazon.com, Inc. (hereinafter the "PRODUCT"), with Order # 111-6438055-2321810.

2. Plaintiff, Edwin Binford, is a resident of Louisville, Jefferson County, Kentucky, and has been a resident of Louisville, Jefferson County, Kentucky, at all times alleged herein.

3. Upon information and belief, the PRODUCT was designed, developed, manufactured, tested, packaged, and/or distributed to Amazon.com Services, LLC and Amazon.com, Inc. by Garren Fitness LLC.

4. Plaintiff's damages are a direct and proximate result of Defendants' negligent conduct in connection with the design, development, manufacturing, testing, packaging, promoting, marketing, distribution, labeling, warning and/or sale of the PRODUCT.

5. Defendant, Garren Fitness LLC (hereinafter, "Garren Fitness") is a foreign corporation. At all pertinent times, Garren Fitness was engaged in the business of research, development, manufacturing, design, testing, distributing, promoting, marketing, and/or selling the PRODUCT, introduced the PRODUCT into interstate commerce with knowledge and intent that the PRODUCT would be sold in the Commonwealth of Kentucky, and regularly transacted, solicited, and conducted business in the Commonwealth of Kentucky.

6. Defendant, Amazon.com Services, LLC (hereinafter, "Amazon.com Services") is a foreign corporation. At all pertinent times, Amazon.com Services was engaged in the business of distributing, promoting, marketing, and/or selling the PRODUCT, introduced the PRODUCT into interstate commerce with knowledge and intent that the PRODUCT would be sold in the Commonwealth of Kentucky, and regularly transacted, solicited, and conducted business in the Commonwealth of Kentucky.

7. Defendant, Amazon.com, Inc. (hereinafter, "Amazon.com") is a foreign corporation. At all pertinent times, Amazon.com was engaged in the business of distributing, promoting, marketing, and/or selling the PRODUCT, introduced the PRODUCT into interstate commerce with knowledge and intent that the PRODUCT would be sold in the Commonwealth of Kentucky, and regularly transacted, solicited, and conducted business in the Commonwealth of Kentucky.

8. The PRODUCT was purchased on Amazon.com and fulfilled by Amazon.

9. On or about May 29, 2020, in Louisville, Kentucky, the PRODUCT caused severe and permanent injuries to Edwin Binford.

10. Plaintiff Edwin Binford suffered injuries as a direct and proximate result of the unreasonably dangerous and defective nature of the PRODUCT, and Defendants' negligent conduct in the research, design, development, testing, manufacturing, production, promotion, distribution, marketing, warning and sale of the PRODUCT. As a direct and proximate result of these injuries Edwin Binford has incurred damages, which include, but are not limited to, past and future medical expenses, permanent physical impairment, impairment of the ability to

perform household services, and past and future mental, physical, and emotional pain and suffering and loss of enjoyment of life.

11. Defendants had a duty to know and warn about the hazards associated with the use of the PRODUCT.

12. Defendants had a duty not to place the PRODUCT on the market in a defective and unreasonably dangerous condition.

13. Defendants failed to inform their customers and end users of the PRODUCT of a known catastrophic health hazard associated with the use of its product.

14. As a direct and proximate result of Defendants' conduct, Edwin Binford was injured and suffered damages.

15. The acts and omissions of Defendants is the proximate cause of all injuries and damages alleged herein.

16. Defendants' conduct was a substantial factor in causing injuries and damages to Edwin Binford, including, but not limited to, past and future medical expenses, permanent physical impairment, impairment of the ability to perform household services, and past and future mental, physical, and emotional pain and suffering and loss of enjoyment of life.

17. All amounts claimed herein are in excess of the minimal jurisdictional limits of this Court.

## **COUNT ONE - STRICT LIABILITY**

18. Plaintiff adopts, reiterates, and incorporates herein by reference all allegations contained in the other paragraphs of this Complaint.

19. At all times alleged herein, Defendants were engaged in the business of designing, manufacturing, marketing, packaging, distributing, warning consumers and selling the PRODUCT.

20. The PRODUCT was unreasonably dangerous by reason of defects in design, manufacturing, packaging, and lack of warnings, and Defendants should be held strictly liable.

21. The defects herein described include, without limitation, failure to properly design, manufacture, package, warn, and instruct proper use of the PRODUCT and other defects which may become apparent before trial.

22. The defects referred to herein were a substantial factor in causing Edwin Binford to develop sustain the injuries and damages described herein.

**COUNT TWO - FAILURE TO PROVIDE ADEQUATE WARNINGS**

23. Plaintiff adopts, reiterates, and incorporates herein by reference all allegations contained in the other paragraphs of this Complaint.

24. Defendants failed to provide an adequate warning to users, like Edwin Binford, as to the dangers of using the PRODUCT set forth herein.

25. For the reasons set forth herein, the PRODUCT, as manufactured and put on the market by Defendants was unreasonably dangerous for use by a person or persons who Defendants should have expected to use or be exposed to the PRODUCT without a reasonable notice or warning of the danger.

26. The PRODUCT did not contain labels that were reasonably adequate to warn an ordinary prudent person that he might be injured by PRODUCT.

27. The failure of Defendants to provide adequate notice or warning of the dangers of using the PRODUCT was a substantial factor in causing Edwin Binford to sustain the injuries and damages described herein.

### COUNT THREE - NEGLIGENCE

28. Plaintiff adopts, reiterates, and incorporates herein by reference all allegations contained in the other paragraphs of the Complaint.

29. At all pertinent times, Defendants had a duty to exercise reasonable care to consumers, including Edwin Binford, in the design, development, manufacturing, testing, inspection, packaging, promotion, marketing, distribution, warning, labeling and/or sale of the PRODUCT.

30. The acts and omissions of Defendants, as described herein, were a substantial factor in causing Edwin Binford to sustain the injuries and damages described herein.

31. The Defendants were negligent in marketing, designing, manufacturing, producing, supplying, inspecting, testing, selling, warning, and/or distributing the PRODUCT in one or more of the following respects:

   A. In failing to warn Edwin Binford of the hazards associated with the use of the PRODUCT;

   B. In failing to properly test their products to determine the adequacy and effectiveness or safety measures, if any, prior to releasing the PRODUCT for consumer use;

   C. In failing to properly test their products to determine the risk of injury during the normal and/or intended use of the PRODUCT;

D. In failing to inform ultimate users, such as Edwin Binford, as to the safe and proper methods of handling and using the PRODUCT;

E. In failing to remove the PRODUCT from the market when the Defendants knew or should have known the PRODUCT was defective;

F. In failing to inform the public in general, and Edwin Binford in particular, of the known dangers of using the PRODUCT; and

G. In failing to act as a reasonably prudent company under the same or similar circumstances.

Each and all of these acts and omissions, taken singularly or in combination, were a substantial factor in causing Edwin Binford to sustain injuries and damages described herein.

32. At all pertinent times, the Defendants knew or should have known that the PRODUCTS were unreasonably dangerous and defective when put to their reasonably anticipated use.

33. As a result of the Defendants' negligence in one or more of the ways set forth herein, Edwin Binford used the PRODUCT that caused him to sustain injuries and damages set forth herein.

## COUNT FOUR - BREACH OF IMPLIED WARRANTIES

34. Plaintiff adopts, reiterates, and incorporates herein by reference all allegations contained in the other paragraphs of this Complaint.

35. At the time the Defendants manufactured, marketed, labeled, promoted, distributed and/or sold the PRODUCT, the Defendants knew of the uses for which the PRODUCT was

7

intended, and impliedly warranted the PRODUCT to be of merchantable quality and safe for such use.

36. Defendants breached their implied warranties of the PRODUCT sold to Edwin Binford because they were not fit for their common, ordinary, and intended uses.

37. As a result of the Defendant's breach of implied warranties, Edwin Binford used the PRODUCT that caused him to sustain the injuries and damages set forth herein.

WHEREFORE, Plaintiff, Edwin Binford, prays for judgment on all claims in his Complaint against Garren Fitness, LLC, Amazon.com Services, LLC, and Amazon.com, Inc., as follows:

1. For an amount of compensatory damages that is fair and reasonable as established by the evidence;
2. For Plaintiff's costs herein expended;
3. For a trial by jury;
4. For pre- and post-judgment interest; and
5. For any and all other relief to which the Plaintiff may appear justly entitled.

Respectfully submitted,

BROWNFIELD DUFOUR PLLC

/s/ Sarah Jane Dufour
Sarah Jane M. Dufour
Kelly Brownfield
607 West Main Street, Suite 301
Louisville, Kentucky  40202
(502) 458-5222
sj@bdlawky.com
kelly@bdlawky.com
*Counsel for Plaintiff*